Dear Mr. Farque:
This office is in receipt of your recent correspondence, requesting we answer the following questions: may a police juror also hold the position of parish manager? What are the duties of the parish manager?
R.S. 33:1236.1 authorizes the police jury to employ a parish manager and an assistant parish manager. The statute provides:
 § 1236.1 Power to employ parish manager and assistant parish manager The police juries shall have the power and authority to employ a parish manager and an assistant parish manager and to fix their salaries for a term not to exceed that of the police jury, who shall be registered voters in the parish and who may be members of that body, provided that if a member of the police jury be employed as parish manager or assistant parish manager upon a stipulated compensation, such compensation shall be offset by the per diem provided for police jurors under R.S. 33:1233.[1]
As quoted above, and in response to your first question, the statute permits a police jury member to be employed as parish manager or as the assistant parish manager.
Further, R.S. 42:66(E) of the Louisiana Dual Officeholding and Dual Employment Law specifically provides the following exemption: "Nothing in this part shall be construed to prevent or prohibit an elected police juror from being employed as a parish manager or assistant parish manager as authorized by Section 1236.1 of Title 33 of the Louisiana Revised Statutes of 1950."
In response to your second question, our research reflects no statute which defines the duties of the parish manager. However, R.S. 33:1236(1) authorizes police juries to make regulations for their own government. This office has previously observed that the legislature has left to the police jury "much discretion in determining the duties of the parish manager". See Attorney General Opinion 83-308, copy attached.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 33:1233 states:
§ 1233. Compensation
 A. (1) Every parish governing authority in Louisiana organized under the police jury system of government shall, by ordinance approved by a majority of the elected members of the governing authority in open public meeting, after public hearing which has been advertised in the official journal of the parish on at least two separate occasions within a period of fifteen days preceding the open meeting, provide for the method and amount of compensation and mileage to and from the meeting place to be paid the member of the police jury of that parish. (2)(a) Members of the police juries are authorized to receive compensation not to exceed fifty dollars per day and the same mileage allowance as provided to state elected officials going to and from the courthouses in their respective parishes for every day they are actually employed in the service of the parish and for travel outside of the parish on parish business. Mileage shall be charged for each day of attendance at each session of the police jury to be paid out of funds of the several parishes on the warrant of the president, provided however, that if a juror has use of a parish owned vehicle for the conduct of official business, the mileage compensation shall not be paid.
 (b)(i) Police jurors shall not be paid for more than one hundred forty-four days in any one year.
 (ii) No police juror shall be compensated for more than twelve meetings per month, or, in lieu of such per diem, the police jury may elect, by a vote of a majority of the elected members, to go on a salary basis, in which event the maximum salary allowable shall be one thousand two hundred dollars per month for each member of the police jury.
 (iii) In the event that the police jury elects to go on a salary basis, a police juror who does not attend regular, special, or committee meetings of the police jury may be required to forfeit the sum of twenty-five dollars of said salary for each nonattendance without reasonable excuse.
 (iv) The police jury, by majority vote on open session, may determine on an individual basis whether a member had a reasonable excuse for nonattendance at any regular, special or committee meeting of the police jury.
 (3) In addition to any other compensation or expense allowance provided by law, each parish governing authority which does not operate under a home rule charter may pay a monthly, itemized expense allowance, not to exceed two hundred dollars per month, to the members of the governing authority as payment for actual expenses incurred in the performance of their duties. Such expense allowance shall be provided upon approval of a majority of the members of the governing authority after public hearing.
 B. In lieu of the provisions of Subsection A of this Section, each member of the governing authority of East Baton Rouge Parish may be empowered to receive a travel allowance for in-parish travel which includes payment for a combination of travel and car allowance of a maximum of eight hundred dollars per month for each member. Such allowance shall be provided upon approval of a majority of the members of the local governing body after public hearing.